UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AL JAVIER,<br><br>                       Plaintiff,<br><br>         -against-<br><br>ANTHONY RUSSO; SERGEANT ROSINSKY; C.O. WATKINS; C.O. MORRISSEY; M. KOPP; ANTHONY ANNUCCI; A. RODRIGUEZ,<br><br>                    Defendants. | 21-CV-7097 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendants violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and violated his rights under state law. By order dated September 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP . *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Al Javier alleges the following facts in his complaint. In the early morning on March 1, 2020, Plaintiff left his cell in Green Haven's G-block, 2 Company, in order to notify the

2

officer on duty "to take [him] off chow because [he] was expecting a visit." (ECF 1 at 5, 28.) When Plaintiff returned to his cell, he saw a bag and looked inside. (*Id.* at 28.) Correction Officer Watkins walked by Plaintiff's cell without saying anything. (*Id.*) Plaintiff began flushing the contents of the bag down the toilet, but Correction Officer Watkins returned for a cell search while Plaintiff was doing so. (*Id.*) Watkins told Plaintiff to stop flushing the toilet and "called [for] a response" from other correction officers. (*Id.*)

Correction Officer Morrissey responded to Watkins's call for assistance. Even though "[t]here was no threat, physical altercation, [or] danger," Morrissey "immediately used unnecessary force . . . hitting [Plaintiff] with pepper spray." (*Id.*) Plaintiff was then searched and taken to the medical clinic. (*Id.* at 29.) Thereafter, Plaintiff was able to see his visitor. (*Id.*)

Plaintiff faced unspecified disciplinary charges.[2] An inmate testified at the Tier III hearing that he had placed the bag in Plaintiff's cell and that Watkins saw him do so. (*Id.* at 30.)[3] Watkins also testified that she had seen the inmate place something in Plaintiff's cell, though she had not mentioned this in the misbehavior report. (*Id.* at 28.)

Plaintiff's disciplinary hearing began on March 3, 2020. On March 23, 2020, Hearing Officer M. Kopp found Plaintiff guilty of some or all of the disciplinary charges and imposed 45 days' keep lock confinement, and 60 days' loss of commissary and access to packages. (*Id.* at 31.)

Plaintiff brought an Article 78 proceeding. *Matter of Javier v. Acting Comm'r of DOCCS*, Index. No. 6292-20. On December 22, 2020, Donald Venettozzi, DOCCS Director of Special

---

[2] A disciplinary summary attached to the complaint appears to indicate that Plaintiff was charged with possession of contraband, disorderly conduct, disobeying a direct order, creating a disturbance, interference, and "alcohol/intoxication." (ECF 1 at 37.)

[3] The inmate who put the bag in Plaintiff's cell did not receive a misbehavior report. (*Id.* at 30.)

Housing/Inmate Discipline, administratively reversed the disciplinary decision on the ground that the facility had failed to maintain a complete electronic record of the hearing. (*Id.* at 20.) The New York State Attorney General then requested on January 24, 2021, that the Article 78 proceeding be dismissed because Plaintiff had received all of the relief that he sought.

In this action, Plaintiff alleges that Defendants violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments. He also asserts state law claims. Plaintiff seeks damages and injunctive relief, including an order that Defendants be trained not to use excessive force. Plaintiff sues DOCCS Acting Commissioner Anthony Annucci; DOCCS Director of Special Housing/Appeals A. Rodriguez; Sergeant Rosinsky; Deputy Superintendent of Security Anthony Russo; Correction Officers G. Watkins and J. Morrissey; and Hearing Officer M. Kopp.

## DISCUSSION

### A.    Fourteenth Amendment

1.    Procedural Due Process

Plaintiff alleges that Defendants violated his right to due process. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

Convicted prisoners have already been deprived of their liberty, and thus "[a] prisoner's liberty interest is implicated by prison discipline, such as SHU [segregated housing unit] confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d

Cir. 2009); *Kalwasinski v. Morse*, 201 F.3d 103,107-08 (2d Cir. 1999) (discussing factors relevant to deciding if confinement in SHU constitutes an atypical hardship).

Here, Plaintiff alleges that Hearing Officer Kopp imposed a disciplinary disposition of 45 days' keep lock confinement, and 60 days' loss of commissary and access to packages. (ECF 1 at 31.) These allegations are insufficient to demonstrate that Plaintiff suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, that rises to the level of the deprivation of a liberty interest. Plaintiff thus fails to state a claim on which relief can be granted for a violation of the right to procedural due process.[4]

If Plaintiff files an amended complaint, and seeks to pursue a due process claim, he must plead additional facts showing that his discipline posed an atypical and significant hardship, such that he was deprived of a liberty interest. *Sandin*, 515 U.S. at 484; *Kalwasinski*, 201 F.3d at 107.

2.    Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). As a general rule, the equal protection guarantee of the Constitution is satisfied when the government differentiates between persons for a reason that bears a rational relationship to an appropriate governmental interest. *See Heller v. Doe*, 509 U.S. 312, 320 (1993).

---

[4] Plaintiff may also be asserting a due process claim against Defendant A. Rodriguez, who is described as DOCCS Director of Special Housing/Appeals, but is not otherwise mentioned in the complaint. It is therefore unclear what Defendant Rodriguez allegedly did or failed to do that violated Plaintiff's constitutional rights.

Plaintiff invokes the constitutional right to equal protection but does not plead facts showing how any defendant violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff thus fails to state a claim on which relief can be granted under the Equal Protection Clause.

## B.     False Disciplinary Charges

Plaintiff alleges that contraband was planted in his cell and that he suffered disciplinary charges as a result. "[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir. 1986) (("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").

In *Freeman*, the Second Circuit held that a prisoner's allegations of false disciplinary charges generally do not state a claim for a violation of his constitutional rights:

> [When a prisoner] was granted a hearing, and was afforded the opportunity to rebut the charges against him, the defendant's filing of unfounded charges did not give rise to a *per se* constitutional violation actionable under section 1983. Plaintiff suffered as a result of the finding of guilty by the prison disciplinary committee hearing, and not merely because of the filing of unfounded charges by the defendant.

808 at 953.

Allegations of false disciplinary charges do not rise to the level of a constitutional claim unless a plaintiff shows something more, such as that the misbehavior report was filed in retaliation for the prisoner exercising his constitutional rights. *See Boddie,* 105 F.3d at 862; *Freeman,* 808 F.2d at 951.

Here, Plaintiff alleges that Correction Officer Watkins saw another prisoner put contraband in his cell, but she did not include this information in her report supporting his disciplinary proceedings. It is unclear if Plaintiff is suggesting that Watkins was involved in having the prisoner "plant" contraband in his cell. Plaintiff, however, had an opportunity at the disciplinary hearing to show that the charges against him were unfounded, and the filing of disciplinary charges – even if false – is insufficient to state a claim for a violation of Plaintiff's constitutional rights. Plaintiff makes no allegation that Watkins made the false disciplinary charges in retaliation for Plaintiff's exercise of his First Amendment or other constitutional rights. Plaintiff's allegations thus fail to state a claim that Defendant Watkins violated his constitutional rights under section 1983.

## C.     Eighth Amendment

Plaintiff was a convicted prisoner at the time of the events described in the complaint, and his claim that Defendant Morrissey used pepper spray against him unnecessarily arises under the Eighth Amendment to the United States Constitution. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). The Eighth Amendment prohibits the imposition of "cruel and unusual punishments," U.S. Const. Amend. VIII, and bars the "unnecessary and wanton infliction of pain," *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (internal quotation marks and citation omitted).

To establish a constitutional claim of excessive force under the Eighth Amendment, a plaintiff must allege facts that satisfy two elements. *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992). First, a plaintiff must allege that the use of force was "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted); *Boddie*, 105 F.3d at 862 ("Not every push or shove . . . violates a prisoner's constitutional right.") (internal quotation marks and citation omitted). Generally, the force used must be a "deliberate

use of force" that is both "excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Second, a plaintiff must plead facts suggesting that the officer who used force acted "maliciously and sadistically" to cause the "unnecessary and wanton infliction of pain." *Hudson*, 503 U.S. at 7-8. Generally, "the test for wantonness 'is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Harris v. Miller*, 818 F.3d at 63 (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)).

Here, Plaintiff alleges that Correction Officer Watkins told him to stop flushing contraband and "called [for] a response." (ECF 1 at 28.) Correction Officer Morrissey responded, "immediately hitting [Plaintiff] with pepper spray." (*Id.*) Plaintiff "suffered immensely from being wrongfully sprayed with the dangerous chemical agent only known to him as OC Pepper Spray while still in his cell and [he] was never a threat to any staff." (*Id.* at 6.) He further alleges that Defendant "Morrissey violated NYSDOCCS Directive 4944 'Use of Force' in Plaintiff's unwarranted assault." (*Id.*)

A corrections officer's use of pepper spray may constitute an unnecessary and wanton infliction of pain in violation of the Eighth Amendment. *See Tracy v. Freshwater*, 623 F.3d 90, 98–99 (2d Cir. 2010) (noting that "infliction of pepper spray" may have "a variety of incapacitating and painful effects, and as such, its use constitutes a significant degree of force") (internal citation omitted); *Alston v. Daniels*, No. 15-CV-669 (CSH), 2015 WL 7257896, at *4 (D. Conn. Nov. 17, 2015) ("In the Second Circuit, a prison guard's use of a chemical agent . . . on an inmate may, under certain circumstances, constitute unnecessary and wanton infliction of pain in violation of the Eighth Amendment.").

It is a close question whether Plaintiff's allegations are sufficient to show that Morrissey used force "maliciously and sadistically to cause harm," rather than doing so "in a good-faith effort to maintain or restore discipline." *Harris*, 818 F.3d at 63. Because the Court dismisses Plaintiff's remaining claims with leave to replead, if Plaintiff chooses to file an amended complaint, Plaintiff must replead his excessive force claim. In his amended complaint, to state a claim that rises to the level of an Eighth Amendment violation, Plaintiff must plead facts suggesting that Defendant Morrissey sought to cause the "unnecessary and wanton infliction of pain." *Hudson*, 503 U.S. at 7-8.

**D.      Claims Against Supervisory Officials**

Plaintiff asserts claims against supervisory officials in their individual and official capacities, including claims against DOCCS Acting Commissioner Anthony Annucci; Deputy Superintendent of Security Anthony Russo; DOCCS Director of Special Housing/Appeals A. Rodriguez; and Sergeant Rosinsky.

1.      Individual-Capacity Claims

To state a personal-capacity claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under [section] 1983, a plaintiff must plead and prove the elements of the underlying

constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not mention Defendants Annucci, Russo, Rodriguez, or Rosinsky in the body of the complaint or plead facts about what they did or failed to do that violated Plaintiff's rights. Plaintiff thus fails to state a claim against these defendants in their individual capacities. Plaintiff's claims against Defendants Annucci, Russo, Rodriguez, and Rosinsky in their individual capacities are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Official-Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents . . . that are, effectively, arms of a state."). State officials therefore cannot be sued in their official capacities for retrospective relief, including damages, under section 1983. *Will*, 491 U.S. at 71. Nonetheless, state officials can be subject to suit in their official capacities for injunctive or other prospective relief. *Id.* at 71 n. 10 ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State."); *Ex parte Young*, 209 U.S. 123 (1908).

Defendants Annucci, Russo, Rodriguez, and Rosinsky are employed by the State of New York, and thus damages are available against them in their official capacities only to the extent that damages would be available against the State. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Eleventh Amendment immunity therefore bars Plaintiff's claims for damages against Defendants Annucci, Russo, Rodriguez, and Rosinsky in their official capacities.

Plaintiff also seeks injunctive relief – training on the use of force. (ECF 1 at 6.) Insofar as Plaintiff seeks injunctive relief, the Eleventh Amendment does not bar his official-capacity claims. *See Will*, 491 U.S. at 71 n. 10 ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State."); *Haley v. Pataki*, 106 F.3d 478, 482 (2d Cir. 1997) (New York's "Governor . . . is a state official who, when sued in his official capacity for injunctive relief, would be a "person" under section 1983."); *Reynolds v. Giuliani*, 506 F.3d 183, 190 (2d Cir. 2007) ("[A] state official may be sued in his or her official capacity for injunctive or other prospective relief [ ] when the state itself is the moving force behind the deprivation.").

Plaintiff seeks injunctive relief on the ground that DOCCS officials are responsible for failing to train correction officers in the use of force. "[A] municipality can be liable for failing to train its employees where it acts with deliberate indifference in disregarding the risk that its employees will unconstitutionally apply its policies without more training." *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (relying on *City of Canton* 489 U.S. 378, 387-90 (1989)).

To impose liability on the government for deliberate indifference to the need for training or supervision, the plaintiff must allege that: (1) the policymaker knows "to a moral certainty" that its employees will confront a given situation; (2) the situation either presents employees with a difficult choice that will be made less so by training or supervision, or there is a record of employees mishandling a situation; and (3) the wrong choice by employees will frequently cause

a deprivation of constitutional rights. *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992); *Amnesty Am*, 361 F.3d at 129 (noting that Police Chief's "witnessing of a single, isolated act of brutality might be sufficient to allow a factfinder to infer deliberate indifference if the use of force were so extreme as to leave no doubt that [the Police Chief] consciously chose not to act.").

But "inferences of inadequate training and causation [must] be based on more than the mere fact that the misconduct occurred in the first place." *Amnesty Am.*, 361 F.3d at 130. A plaintiff's "personal experience, without more, is insufficient to prove 'deliberate indifference'" due to inadequate supervision or training. *Jenkins v. City of New York*, 478 F.3d 76, 95 (2d Cir. 2007); *see also Gary Alan Green & Broadway Sound & Video, Inc. v. Jackson*, 36 F. App'x 663, 669 (2d Cir. 2002) ("[T]he existence of an isolated act of negligence by DMV employees . . . falls far short of sufficiently alleging that [State DMV] Commissioner Jackson failed adequately to train his employees"). Plaintiff's allegation that Correction Officer Morrissey unnecessarily used pepper spray when responding to Correction Officer Watkins' request for assistance is insufficient to plead that the supervisory defendants failed to adequately train correction officials and that this was the "moving force" in a violation of Plaintiff's rights.[5]

Accordingly, the Court dismisses Plaintiff's claims against Defendants Annucci, Russo, Rodriguez, and Rosinsky: (1) in their individual capacities for failure to plead facts about their

---

[5] Moreover, here it is unclear if Plaintiff can state a claim that Officer Morrissey's use of force was excessive. Where a plaintiff fails to state a claim for a violation of his constitutional rights, he also cannot state a claim against the municipality based on the same allegations. *See Askins v. John Doe #1*, 727 F.3d 248, 253 (2d Cir. 2013) ("Unless a plaintiff shows that he has been the victim of a federal law tort committed by persons for whose conduct the municipality can be responsible, there is no basis for holding the municipality liable.").

personal involvement; (2) for damages in their official capacities, based on Eleventh Amendment immunity; and (3) for injunctive relief, for failure to state a claim on which relief can be granted. Plaintiff's claims against Defendants Annucci, Russo, Rodriguez, and Rosinsky in their official capacities for damages cannot be repleaded because it would be futile to do so.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against Officers Morrissey and Walker, or against a supervisory defendant who was personally involved in a violation of Plaintiff's rights (or for injunctive relief), the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-7097 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is

directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 17, 2021
         New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                        -against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

┌─────────────────────────────────────────────────────────────────┐
│                          **NOTICE**                               │
│                                                                   │
│   The public can access electronic court files. For privacy and security reasons, papers filed │
│   with the court should therefore *not* contain: an individual's full social security number or full │
│   birth date; the full name of a person known to be a minor; or a complete financial account │
│   number. A filing may include *only*: the last four digits of a social security number; the year of │
│   an individual's birth; a minor's initials; and the last four digits of a financial account number. │
│   See Federal Rule of Civil Procedure 5.2.                        │
└─────────────────────────────────────────────────────────────────┘

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name               Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                         State                   Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____