UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



AL JAVIER,

                  Plaintiff,

    -against-

ANTHONY RUSSO; SERGEANT ROSINSKY;
C.O. WATKINS; C.O. MORRISSEY; M. KOPP;
ANTHONY ANNUCCI; A. RODRIGUEZ,

                  Defendants.

21-CV-7097 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, currently incarcerated at Green Haven Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated

September 9, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that

is, without prepayment of fees.[1]

## DISCUSSION

**A.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the

summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Standard Discovery Requests**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 31, 2022
         White Plains, New York

                                        VINCENT L. BRICCETTI
                                        United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1.     Anthony Annucci
       Acting DOCCS Commissioner
       DOCCS
       Bldg 2., State Campus
       Albany, New York 12226-2050

2.     A. Rodriguez
       Acting Disciplinary Director
       DOCCS
       Bldg 2., State Campus
       Albany, New York 12226-2050

3.     Anthony Russo
       Green Haven Correctional Facility
       594 Rt. 216
       Stormville, NY 12582-0010

4.     M. Kopp
       Deputy Superintendent of Programs
       Green Haven Correctional Facility
       594 Rt. 216
       Stormville, NY 12582-0010

5.     Correction Officer Morrissey
       Green Haven Correctional Facility
       594 Rt. 216
       Stormville, NY 12582-0010

6.     Sergeant Rosinsky
       Green Haven Correctional Facility
       594 Rt. 216
       Stormville, NY 12582-0010

7.     Correction Officer Watkins
       Green Haven Correctional Facility
       594 Rt. 216
       Stormville, NY 12582-0010